# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TODD GRESS and SHAWN GRESS**                    **CIVIL ACTION**

**VERSUS**                                         **NO:  13-5214**

**GEOVERA SPECIALTY**                              **SECTION: "S" (3)**
**INSURANCE SERVICES AND**
**FIDELITY NATIONAL INDEMNITY**
**INSURANCE COMPANY**

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Fidelity National Indemnity Insurance Company's Motion
for Summary Judgment (Doc. #23) is **GRANTED**, and plaintiffs' claims against Fidelity are
**DISMISSED WITH PREJUDICE**.

### BACKGROUND

This matter is before the court a motion for summary judgment filed by defendant, Fidelity
National Indemnity Insurance Company, in its capacity as a Write-Your-Own ("WYO") insurance
carrier participating in the Federal Emergency Management Agency's ("FEMA") National Flood
Insurance Program ("NFIP").  Fidelity argues that it is entitled to summary judgment on plaintiffs'
claim for a supplemental payment under their flood insurance policy because plaintiffs, Todd and
Shawn Gress, did not submit a timely proof of loss supporting the supplemental claim.

Plaintiffs own a home located in Slidell, Louisiana.  In 2012, plaintiffs maintained a flood
insurance policy issued by Fidelity as a WYO covering the property.  On August 29, 2012, the
property sustained flood damage as a result of Hurricane Isaac.  Plaintiffs informed Fidelity of the
losses.

On September 2, 2012, Chris Beauvais, an adjustor affiliated with Colonial Claims inspected
plaintiffs' home on Fidelity's behalf. On November 15, 2012, plaintiffs submitted a signed, sworn

proof of loss to Fidelity claiming damages totaling $123,262.27.  Thereafter, plaintiffs submitted a supplemental proof of loss seeking an additional $11,194.16.

Plaintiffs hired Michaelson & Messinger Insurance Specialists LLC, a public adjustor, to reinspect their property.   On December 17, 2012, Daniel Onofrey, a public adjustor with Michaelson, submitted his report to Fidelity on plaintiffs' behalf.  Onofrey estimated plaintiffs' building damage loss to be $367,236.76.  The cover letter asked Fidelity to "set up a supplemental claim," but the report was not signed and sworn by plaintiffs, and there was no accompanying proof of loss.  On March 28, 2013, plaintiffs submitted a third signed and sworn proof of loss to Fidelity stating damages in the amount of $128,393.07.  On April 10, 2013, Fidelity informed plaintiffs that, after a reinspection and review of Onofrey's report, Beauvais did not recommend additional payment for building damage, and that Onofrey's estimate included many items that are not covered under the SFIP.

Over the course of the adjustment of plaintiffs' flood loss claims, Fidelity issued five checks to plaintiffs: (1) $9,000 issued on October 7, 2012, for partial settlement of contents damage; (2) $39,474.94 issued on November 20, 2012, for settlement of contents damage; (3) $74,787.33 issued on November 20, 2011, for settlement of building damage; (4) $11,194.16 issued on November 21, 2012, for recoverable depreciation of building damage; and, (5) $5,130.80 issued on April 10, 2013, for supplemental payment for contents damage.  In sum, Fidelity paid plaintiffs $139,587.23 on their flood damage claim.

2

**ANALYSIS**

**A.      Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.      Proof of Loss**

Fidelity argues that it is entitled to summary judgment on plaintiffs' claim under the flood insurance policy because plaintiffs failed to comply with the proof of loss requirement regarding their supplemental flood insurance claim.

The NFIP was established by the National Flood Insurance Act, 42 U.S.C. §§ 4001-4129 (2006), and is administered through the FEMA.  Wright v. Allstate Ins. Co. (Wright I), 415 F.3d 384, 386 (5th Cir.2005).  FEMA sets the terms and conditions of all federal flood insurance policies, and those polices must be issued in the form of a Standard Flood Insurance Policy ("SFIP").  44

C.F.R. § 61.4(b); Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir.1998).  SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator" and must be strictly construed and enforced.  44 C.F.R. § 61.13(d); Wright I, 415 F.3d at 387; Gowland, 143 F.3d at 953-954.  See also Forman v. FEMA, 138 F.3d 543, 545 (5th Cir.1998).

Although SFIP proceeds can be issued by a WYO insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury."[1] Wright I, 415 F.3d at 386; See also Gowland, 143 F.3d at 953.  Because the federal treasury is implicated in the payment of flood claims, the provisions of a SFIP must be strictly construed and enforced.  See Forman, 138 F.3d at 545.  Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." Wright I, 415 F.3d at 388 (citing Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc., 104 S.Ct. 2218, 2226 (1984)).  Because the provisions of the SFIP are strictly enforced, "an insured's failure to provide a complete, sworn proof of loss statements, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." Gowland, 143 F.3d at 953.

Under 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4), the SFIP provides the following proof of loss requirement:

---

[1] FEMA regulations for the NFIP provide that "loss payments" shall be payable from federal funds. 44 C.F.R. pt. 62, app. A, art. III(D)(2) ("Loss payments include payments as a result of litigation that arises under the scope of this Arrangement [between WYOs and the federal government], and the Authorities set forth herein.").  "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.'" Wright I, 415 F.3d at 387 (quoting Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 424, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387, 399 (1990)).

Within 60 days after the loss,[2] send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

a.  The date and time of loss;

b.  A brief explanation of how the loss happened;

c.  Your interest (for example, "owner") and the interest, if any, of others in the damaged property;

d.  Details of any other insurance that may cover the loss;

e.  Changes in title or occupancy of the covered property during the term of the policy;

f.  Specifications of damaged buildings and detailed repair estimates;

g.  Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

h.  Details about who occupied any insured building at the time of the loss and for what purpose; and

i.  The inventory of damaged personal property described in J.3. above.

It is undisputed that plaintiffs submitted three signed, sworn proof of loss documents that together identified damages in the amount of $139,587.23, which is the amount Fidelity paid on plaintiffs' claim. After plaintiffs' filed their first two proofs of loss, but before they filed their third, they submitted Onofrey's December 17, 2012, estimate to Fidelity, which was not signed and sworn by plaintiffs. Although plaintiffs submitted a third proof loss to Fidelity after submitting Onofrey's report, that proof of loss did not include the supplemental claim made in Onofrey's estimate.

---

[2]  After Hurricane Isaac, FEMA extended the Proof of loss deadline to 240 days after the loss. See FEMA W-13014, dated March 19, 2013.

In Dickson v. Am. Bankers Ins. co. of Fla., 739 F.3d 397, 400 (8th Cir. 2014), the United States Court of Appeals for the Eighth Circuit held that:

> the proof of loss requirement is a regulator limit on the disbursement of funds through a federal insurance program; as such it is to be strictly construed [for it] serves as a condition precedent to recovery under the SFIP. [Thus], a signed and sworn proof of loss claims only the amounts listed in those forms, and the insured must timely file an additional proof of loss to claim any additional amount of money.

See also Kidd v. State Farm Fire & Cas. Co., 392 Fed. Appx. 241, 243-44 (5th Cir. 2010) (insured could not recover on a supplemental claim because they submitted a signed adjustor's estimate for a supplemental claim that was not sworn by them); Bechtel v. Lighthouse Prop. Ins. Co., 2014 WL 1389631, at * 3 (E.D. La. April 1, 2014) (Engelhardt, J.) (The great weight of authority holds that the insureds were required to submit a timely signed, sworn proof of loss to support a supplemental claim); Estate of Amelia Marquez v. Allstate Insurance Company, Civil Action No. 13-5692, Doc. #34 (E.D. La. 6/6/14) (Lemmon, J.).  Because plaintiffs did not submit a timely signed, sworn proof of loss to Fidelity supporting their supplemental claim as stated in Onofrey's December 12, 2012, report, and they clearly understood their obligation to submit such a document to Fidelity, Fidelity's motion for summary judgment is GRANTED, and plaintiffs' claim against it is DISMISSED WITH PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that Fidelity National Indemnity Insurance Company's Motion for Summary Judgment (Doc. #23) is **GRANTED**, and plaintiffs' claims against Fidelity are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  14th  day of July, 2014.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**